UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | | |
|---|---|---|
| GLENN COX, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 12-CV-104-KKC |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT FARLEY, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Glenn Cox is confined in the United States Penitentiary in Lewisburg, Pennsylvania.[1] Proceeding without an attorney, Cox has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his federal conviction and sentence.  [R.1]

The Court conducts a preliminary review of habeas corpus petitions.  28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  Because Cox is not represented by an attorney, the Court reviews his petition under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  At this stage the Court accepts Cox's factual allegations as true and liberally construes his legal claims in his favor.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in

---

[1] Cox was confined in the United States Penitentiary - McCreary in Pine Knot, Kentucky when this action was filed.

the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court

has reviewed the petition, but must deny it because Cox can not pursue his claims in a habeas corpus

proceeding under § 2241.

## BACKGROUND

On June 21, 1990, a federal jury in Florida convicted Cox of Conspiracy to Possess with the

Intent to Distribute Cocaine and Cocaine Base, Possession with Intent to Distribute Cocaine Base,

and Possession with Intent to Distribute Cocaine, all in violation of 21 U.S.C. § 841(a)(1), and

Felony Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e)(1).  *United States*

*v. Cox*, Nos. 90-cr-01002-02-MP (N. D. Fla. 1990).  The court determined that Cox was an armed

career criminal and sentenced him to several concurrent terms of life imprisonment.

According to the government's response in Cox's criminal case filed in June, 2010, Cox

appealed his conviction, but it was affirmed.[2]  [*Id*., R. 222, p. 2, therein]  On April 28, 1997, Cox

filed a motion to vacate his sentence under 28 U.S.C. § 2255.  [*Id*., R. 120, therein]  On August 23,

2000, the sentencing court denied Cox's § 2255 motion after conducting an evidentiary hearing.  [*Id*.,

R. 155, therein]   Cox appealed that ruling, but the Court of Appeals for the Eleventh Circuit

apparently dismissed his appeal, as evidence by the February 5, 2001, docket entry identified as

"USCA Order In Lieu of Mandate Dismissing Re: [15-1-1] 2255 Appeal by Glenn Cox."  [*Id*., R.

176, therein]

Cox thereafter filed a series of motions seeking the disclosure of *Jencks* materials, the

---

[2]  The docket sheet for Cox's 1990 criminal proceeding is electronically accessible, but because the case was filed before electronic filing was common in the federal courts, many of the documents filed in the case - such as those pertaining to his direct appeal and his motion to vacate his sentence under 28 U.S.C. § 2255 - are not electronically available.

production of grand jury testimony, the disclosure of impeachment material, and a reduction of his sentence under 18 U.S.C. § 3582. The sentencing court denied all of these motions,[3] and Cox unsuccessfully appealed many of the orders denying his requests.

In his § 2241 petition, Cox alleges that during his criminal trial he received ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution because his trial counsel failed to properly investigate his claims and request discovery materials from the prosecutor. Cox further alleges that his right to due process of law was violated due to procedural errors which occurred in the grand jury process; a procedurally and substantively deficient indictment; the government's failure to prove all elements of the charged offenses; and the prosecutor's misconduct in selectively prosecuting him and demonstrating animus toward him in front of the jury. Cox's due process claims fall under the Fifth Amendment of the U.S. Constitution

To the extent that Cox asserts Sixth Amendment ineffective assistance of counsel claims, he may be attempting to invoke the holdings of two Supreme Court cases decided on March 21, 2012, *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1375 (2012), and *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399 (2012).

In *Frye*, the Supreme Court held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and defense counsel's failure to inform a defendant of a written plea offer

---

[3]  In denying one of Cox's motions requesting a sentence reduction, the district court noted that based on Amendments 706 and 711 to the United States Sentencing Guidelines, Cox's Total Offense Level decreased from 44 to 42, but in exercising its discretion, declined to reduce Cox's sentence. *United States v. Cox*, No. 1:90-cr-01002, 2008 WL 1995130 (N. D. Fla. May 6, 2008). The court stated "Defendant's prior history makes the life sentence appropriate, to wit: escape, possessing firearms as a convicted felon, organizer, no acceptance of responsibility and crimes committed while acting as a confidential informant for the FBI. Accordingly, defendant's sentence will not be reduced pursuant to 18 U.S.C. § 3582 and Amendments 706 and 711." *Id*. at *3.

3

before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). *Frye*, 132 S.Ct. at 1409. The Court further held that to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability he would have accepted the earlier plea offer had he been afforded effective assistance of counsel, and he must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if it had the authority to exercise that discretion under state law. *Id.*

In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.* The Court held that the proper remedy to cure the ineffective assistance of counsel was to order the prosecution to re-offer the plea agreement and allow the state trial court to "... exercise its discretion in determining whether to vacate the convictions and resentence respondent pursuant to the plea agreement, to vacate only some of the convictions and resentence respondent accordingly, or to leave the convictions and sentence from trial undisturbed." *Id.* at 1391.

## DISCUSSION

Cox is not challenging any aspect of the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the purview of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, he contends that his drug conviction is invalid because he received ineffective assistance of counsel during his trial proceeding. But § 2241 is not the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the primary avenue of

4

relief for federal prisoners claiming the right to release as a result of an unlawful conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009), and is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, Nos 4:07-cr-12, 4:10-cv-36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a prisoner to challenge the legality of his conviction through a Section 2241 petition, where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. The only circumstance where a prisoner may take advantage of this provision is where, after his or her conviction has become final, the Supreme Court re-interprets the terms of the statute petitioner was convicted of violating in such a way that petitioner's actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003) ("A prisoner who can show that an intervening change in the law establishes his actual innocence can invoke the savings clause of § 2255 and proceed under § 2241."); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply where the prisoner failed to seize an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law, or did assert his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

None of Cox's claims fall within this exception. While the Court can not electronically access either Cox's § 2255 motion filed in 1997 or the Order entered on August 23, 2000, denying that motion, Cox either was or should have been aware of his Fifth and Sixth Amendment claims when he filed that § 2255 motion, as all of the facts which form the basis of his claims stem allegedly occurred during his criminal proceeding. At a minimum, Cox either was or should have been aware

5

of his Fifth Amendment claims challenging the constitutionality of the grand jury and trial proceedings when he filed his direct appeal of his conviction and sentence.

The remedy provided under § 2255 is not rendered inadequate and ineffective if the prisoner presented a claim in a § 2255 motion but was denied relief on the claim, if he failed to assert a claim in his § 2255 motion, or if he was denied permission to file a second or successive § 2255 motion. *See Charles*, 180 F.3d at 756-58; *Rumler v. Hemingway*, 43 F. App'x 946, 947 (6th Cir. 2002); *Bautista v. Shartle*, No. 4:09-cv-2759, 2012 WL 11135, at *2 (N.D. Ohio Jan. 3, 2012). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Charles*, 180 F.3d at 758. The burden is on a § 2241 petitioner to establish that the remedy under § 2255 is inadequate or ineffective, *Martin*, 319 F.3d at 804-05. Cox can not demonstrate that as to his Fifth and Sixth Amendment claims, his remedy under § 2255 was an inadequate means of challenging his conviction.

Additionally, a § 2241 petitioner can utilize the savings clause of § 2255 if he or she alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), but actual innocence requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To make this showing, the petitioner must allege a new rule of law made retroactive by a Supreme Court case, such as the type of claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d 458, 461

6

(6th Cir. 2001).

Cox can not make that showing as to his Sixth Amendment claims because *Frye* and *Lafler* are factually inapposite to the facts of his case, and even if the two cases were factually similar, neither of them apply retroactively to cases on collateral review, such as Cox's §2241 petition.  Four federal circuit courts have now ruled that because *Frye* and *Lafler* do not announce a new constitutional rule justifying a second or subsequent § 2255 petition, they are not retroactively applicable to cases on collateral review.  *Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012) (holding that in both cases, the Supreme Court merely applied the Sixth Amendment right to effective assistance of counsel according to *Strickland* , and established in the plea-bargaining context under established law, and that "... these cases did not break new ground or impose a new obligation on the State or Federal Government.");  *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012).[4]

For these reasons, Cox is not entitled to relief under § 2241.  The Court will therefore deny his habeas petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1.      Glenn Cox's petition for a writ of habeas corpus [R. 1] is **DENIED**;

---

[4] *See also Robertson v. United States*, No.  7:10-cr-00054, 2012 WL 2930481, at *2 (W.D. Va. July 18, 2012) (rejecting petitioner's claim that *Frye* afforded him relief on collateral review because it ". . .did not recognize a new right; rather, it applied a long recognized right to the effective assistance of counsel  to a particular set of facts."); *Stovall v. United States*, No. 1:12-cv-377, 2013 WL 392467, at *3 (E.D. Tenn. Jan. 31, 2013) (declining to find that any rule established in *Frye* and *Lafler* applied retroactively to the petitioner's § 2255 motion).

2.      The Court will enter an appropriate judgment; and

3.      This matter is **STRICKEN** from the active docket.

This March 13, 2013.

Signed By:

***Karen K. Caldwell***

**United States District Judge**